IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR390 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| THOMAS KNIFECHIEF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 31) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motion to suppress (Filing No. 17). No objections have been filed to the Findings and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C).

The Defendant seeks an order suppressing evidence and statements made on August 7 and 9, 2009. Briefly, the Defendant was arrested on August 7, 2009, for allegedly assaulting his girlfriend at her residence, where the Defendant had been staying temporarily. The Defendant invited Officer Roxanne Valentino into the residence when she responded to a 911 call, and Officer Valentino observed blood spatters and damage inside. The Defendant left the residence with Officer Valentino with most of his belongings, and he stayed in the back of her cruiser while Officer Valentino and Officer Jason Lawrence then entered the residence two more times to view the scene, take photographs, and remove the rest of the Defendant's property at his request. Any statements made that evening were not in response to questioning. The Defendant, who allegedly had been drinking that evening, was taken to the police station and interviewed on August 9, 2009, after he waived his *Miranda* rights.

Judge Thalken concluded: the Defendant consented to Officer Valentino's initial entry into the residence, at which time he had standing to contest the entry and search; when the Defendant left the residence with his property, he abandoned any interest he had

in the residence for Fourth Amendment purposes and, therefore, he had no standing to object to the officers' two subsequent entries and searches; even if the Defendant had standing to object to the additional entries and searches, the inevitable discovery doctrine would apply because the officers would have obtained a search warrant based on the damage and blood spatters seen initially inside the residence; Officer Valentino did not interrogate the Defendant on August 7, 2009, and she only asked identifying information that did not require *Miranda* warnings; and the Defendant was properly advised of his *Miranda* warnings on August 9, 2009. Judge Thalken therefore recommends that the Defendant's motion to suppress be denied.

Judge Thalken made findings of fact and conclusions of law orally after the evidentiary hearing (Tr. 45-49), and he filed a one-page written Findings and Recommendation. Notwithstanding the absence of objections, under 28 U.S.C. § 636(b)(1)(C) the Court has conducted a de novo review of the record. The Court has read the parties' briefs and the transcript (Filing No. 32) and viewed the evidence. Because Judge fully, carefully, and correctly applied the law to the facts, the Court adopts the Findings and Recommendation.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 31) are adopted in their entirety; and
2. The Defendant's motion to suppress (Filing No. 17) is denied.

DATED this 26th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge